Jeff R. Sykes, ISB #5058
Michael A. Short, ISB #10554
McCONNELL WAGNER SYKES & STACEY ᴾᴸᴸᶜ
827 E. Park Blvd., Suite 201
Boise, Idaho 83702
Telephone:  208.489.0100
Facsimile:   208.489.0110
sykes@mwsslawyers.com
short@mwsslawyers.com
Attorneys for Plaintiff Timothy Alves

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **TIMOTHY AVLVES.**, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, ARMY CORP OF ENGINEERS, WALLA WALLA DISTRICT;**<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURTY TRIAL** |

**COMES NOW,** Plaintiff Timothy Alves by and through his counsel of record, Jeff R. Sykes and Michael A. Short of McConnell Wagner Sykes & Stacey PLLC, and for cause of action against Defendant United States of America, Department of the Army, Army Corp of Engineers, Walla Wall District does state and allege as follows:

//

//

**COMPLAINT AND DEMAND FOR JURY TRIAL- Page 1**
I:\10680.002\PLD\Complaint and Demand for Jury Trial.docx

## PARTIES

1. At all times material hereto, Plaintiff, Timothy Alves ("Alves") was a resident of Orofino, Clearwater County, Idaho.

2. At all times material hereto, Defendant, United States of America, Department of the Army, Army Corp of Engineers, Walla Walla District, (the "United States") was and is the owner of Dworshak Reservoir, located in Clearwater County, Idaho and all appurtenance and personal property attached thereto and associated therewith (collectively "Dworshak Reservoir").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C §1331 (Federal Question) and 28 U.S.C. §1346 (United States as Defendant).

4. Venue is vested in this judicial district under 28 U.S.C. §1391 (en) (1) (B) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district.

5. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671,*et seq*) and 28 U.S.C. §§1346(b)(1), for money damages compensation for personal injuries which were caused by the negligent an wrongful acts or omissions of the United States for which a private person would be liable to the Plaintiff in accordance with the laws of the State of Idaho.

6. Plaintiff has fully complied with provisions 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. Plaintiff timely served notice of his claim on the United States, Department of the Army, Army Corp of Engineers on June 19, 2018 within two years from the date of the injury which give us rise to this cause of action. The injury happened on August 15, 2016.

8. Plaintiff's claim was denied by the Department of the Army, U.S. Army Claims Services by certified mail, return receipt requested January 4, 2019 and this suit has been filed no later than six (6) months from the date of mailing of the denial pursuant the 28 C.F.R. §14.9 (a).

## GENERAL ALLEGATIONS

9. United States is the owner of Dworshak Reservoir, including the Big Eddy docks and fuel barge which consists of all elements of docks and fuel barge including walk ramps, decking, boat bumpers, flotation, trusses, anchoring systems, and in particular the wench system used to adjust the docks and fuel barge as needed to accommodate fluctuations in the reservoir level.

10. In or about March 01, 1996 the United States entered into a lease with the State of Idaho for the Dworshak Reservoir including Big Eddy's Marina, Freeman Creek Recreation area and Three Meadows Group Camp for public park and recreational purposes ("Lease").

11. The consideration for the Lease was the operation and maintenance of the Dworshak Reservoir by the State of Idaho for the benefit of the United States and the general public in accordance with the conditions set forth in the Lease. Lease ¶ 2.

12. Pursuant to the terms of the Lease the United States is required to conduct periodic inspections of the Dworshak Reservoir to insure the State of Idaho is performing all of its required maintenance obligations under the Lease. Lease ¶ 44 (a).

13. Pursuant to the terms of the Lease the United States is responsible for maintaining the structural integrity of the docks and the fuel barge including maintaining the winch system which is at issue in this case. Lease ¶ 44 (b).

14. Based upon information and belief, the United States failed, as required under ¶ 44 (a), (b) of the Lease, to conduct inspections and to maintain the winch system, such that the winch

system was could be operated in a safe condition and under the conditions for which it was intended.

15. The United States failed to warn of dangers associated with operating the winch system.

16. On or about August 15, 2016, Plaintiff, Alves was adjusting the level of the docks and fuel barge with the winch system provided by the United States.

17. On August 15, 2016 Alves adjusted the level of the docks and fuel barge with the winch system in the ordinary and customary manner. Rather than operating in a fashion in which the winch was designed to operate (i.e. allowing tension from the wire rope to be release gradually from the winch system) the winch and/or break system on the winch failed causing the hand wheel to spin rapidly and causing Mr. Alves left hand to be amputated from his wrist and arm causing grievous injury to Mr. Alves wrist, forearm, elbow and shoulder.

18. Mr. Alves injuries were caused by the United States negligent failure to maintain the winch system in a safe working condition and failure to warn of dangers associated with operating the winch system.

19. The United States failure to maintain the winch system in a good working condition and failure to warn of dangers associated with operating the winch system caused Alves' injuries. The United States government should be liable to Alves as would any citizen of the State of Idaho.

20. Plaintiff has suffered damages for which he is entitled to seek compensation of the law which include (a) lost wages, (b) medical expenses, (c) pain, suffering, and loss of enjoyment of life.

//

//

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38 (a) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by a jury on all issues raised in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff is entitled to damages from the United States and does hereby pray the judgement be entered in his favor and against the United States government as follows:

A.  Damages in the amount of $2,061,308.53;

B.  Recovery of all costs and attorney fees incurred by Plaintiff in this civil action;

C.  For such other and further legal and equitable relief as the Court deems just and proper.

**DATED** this 5th day of February 2019.

McCONNELL WAGNER SYKES & STACEY PLLC

_/s/ Jeff R. Sykes_
By:   Jeff R. Sykes
      Attorneys for Plaintiff Timothy Alves