BART M. DAVIS, ID STATE BAR NO. 2696
UNITED STATES ATTORNEY
**PETER L. WUCETICH, ID STATE BAR NO. 10557**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1414
Email: peter.wucetich@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ALVES,<br><br>            Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, ARMY CORPS OF ENGINEERS, WALLA WALLA DISTRICT,<br><br>            Defendants. | Case No. 3:19-cv-00044-REB<br><br>**ANSWER** |

COMES NOW Defendant, United States of America, by and through Peter L. Wucetich, Assistant United States Attorney for the District of Idaho, and in answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

1.      Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

**ANSWER - 1**

2. Defendant admits that Dworshak Reservoir is located in Clearwater County, Idaho, and that Defendant owns the property, but denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint constitute legal conclusions to which no answer is required. To the extent a response is necessary, Defendant denies the allegations.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no answer is required. To the extent a response is necessary, Defendant denies the allegations.

5. Defendant admits that Plaintiff is attempting to assert a claim against Defendant under the Federal Tort Claims Act for money damages. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint constitute legal conclusions to which no answer is required. To the extent a response is necessary, Defendant denies the allegations.

7. Defendant denies that Plaintiff served notice of his claim on the United States on June 19, 2018, but admits the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that it owns the Big Eddy docks and fuel barge, including the walk ramps, decking, boat bumpers, flotation, trusses, anchoring systems, and the winch system used to adjust the docks and fuel barge as needed to accommodate fluctuations in the reservoir level, but denies the remaining allegations of paragraph 9 of Plaintiff's Complaint.

**ANSWER - 2**

10. Defendant admits the allegations of paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that paragraph 2 of the lease provides that the consideration for the lease is the operation and maintenance of the premises by the lessee for the benefit of the United States and the general public in accordance with the conditions set forth therein. However, Defendant notes that there have been multiple amendments to the lease. Except as expressly admitted herein, Defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that paragraph 44(a) of the lease permits Defendant to conduct periodic inspections to determine if the lessee is performing required maintenance, but Defendant denies that such paragraph requires Defendant to do so. Except as expressly admitted herein, Defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that paragraph 44(b) of the lease provides that Defendant is responsible for maintaining the structural integrity of the docks and the fuel barge at Bid Eddy Marina, but denies the remaining allegations of paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18. Defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations of paragraph 20 of Plaintiff's Complaint.

## DEFENSES

The following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, in asserting the following defenses, Defendant does not admit the burden of proving the allegations or denials contained in the defenses but, to the contrary, asserts that by reason of the denials and/or by reason of the relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses are upon Plaintiff. Moreover, in asserting any defense, any responsibility or liability of Defendant, Defendant does not admit the allegations but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred because the court lacks subject matter jurisdiction over the claim asserted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the discretionary function exception to the Federal Torts Claims Act.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the independent contractor exception to the Federal Tort Claims Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

**ANSWER - 4**

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were proximately caused by Plaintiff's own negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendant as Plaintiff's fault and negligence in causing the alleged accident are greater than the negligence, if any, of Defendant. *See* Idaho Code § 6-801.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident.

### EIGHTH AFFIRMATIVE DEFENSE

Should Plaintiff obtain a judgment against Defendant, he is not entitled to prejudgment interest.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorney's fees in this action. Any such fees must be deducted from any recovery in this matter. *See* 28 U.S.C. § 2678.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's non-economic damages, if any, are limited to the amount allowed pursuant to Idaho Code § 6-1603.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery in this action, if any, shall be offset in accordance with Idaho Code § 6-1606.

**ANSWER - 5**

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery in this action, if any, is limited to the amount of the claim presented administratively, pursuant to 28 U.S.C. § 2675(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to state a claim upon which relief can be granted against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred to the extent that he failed to exhaust his administrative remedies.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant believes that it may have additional defenses to Plaintiff's Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, said Defendant reserves the right to supplement its Answer and add additional defenses as discovery in this case progresses.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. For Defendant's costs and expenses necessarily incurred in the defense of this matter; and

3. For all such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted this 25th day of June, 2019.

                                                  BART M. DAVIS
                                                  UNITED STATES ATTORNEY
                                                  By:

                                                   */s/ Peter L. Wucetich*
                                                  PETER L. WUCETICH
                                                  Assistant United States Attorney

**ANSWER - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2019, the foregoing **ANSWER** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Jeff R. Sykes
sykes@mwsslawyers.com
*Attorney for Plaintiff*

Michael A. Short
short@mwsslawyers.com
*Attorney for Plaintiff*

*/s/ Jessica Black*
Jessica Black
Legal Assistant

**ANSWER - 8**